UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MELANNIE WHITE | CIVIL ACTION |
| VERSUS | No.: 17-10615 |
| RICARDO GRANDA, ET AL. | SECTION: "J"(2) |

## ORDER & REASONS

### NATURE OF MOTION AND RELIEF REQUESTED

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 14)** filed by Mercury County Mutual Insurance Company, Inc. ("Mercury County Mutual"). Plaintiff filed an opposition to the motion (Rec. Doc. 17) and Mercury County Mutual filed a supplemental memorandum in support of its motion (Rec. Doc. 21). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

The case arises out of a two-vehicle collision on U.S. Highway 90 in St. Charles Parish, Louisiana. Plaintiff, Melannie White, was allegedly driving down US Highway 90 when Defendant, Ricardo Granda, drove across the median and struck Plaintiff's vehicle causing personal injuries to her.

On December 13, 2016, Plaintiff filed a Petition for Damages in the 29th Judicial Court for the Parish of St. Charles naming as

Defendants Ricardo Granda, California Automobile Insurance Company, EAN Holdings, LLC, Mercury Insurance Group, Inc., and GEICO Casualty Company ("GEICO"). (Rec. Doc. 1-2 at 9.) California Automobile Insurance Company and/or Mercury Insurance Group, Inc. allegedly issued a liability insurance policy to Granda; EAN Holdings, LLC allegedly issued an insurance policy to Plaintiff;[1] and GEICO allegedly issued an uninsured/underinsured motorist insurance policy to Plaintiff. On August 29, 2017, Plaintiff filed a First Supplemental and Amending Petition adding as Defendants BHL Services, Inc. ("BHL") and Westfield Insurance Company ("Westfield"). (Rec. Doc. 1-4 at 22.) Plaintiff alleges that Granda was within the course and scope of his employment with BHL at the time of the accident and therefore BHL and its insurer, Westfield, are also liable for Plaintiff's injuries. *Id*.

On October 13, 2017, Westfield and BHL removed the case to federal court on the basis of diversity jurisdiction. (Rec. Doc. 1.) On November 29, 2017, Mercury County Mutual filed an answer to Plaintiff's amended petition, claiming that it was erroneously identified by Plaintiff as Mercury Insurance Group, Inc. (Rec. Doc. 12.) On that same day, Mercury County Mutual filed the instant Motion for Summary Judgment, moving the Court to dismiss all claims asserted against it because it did not provide a policy

---

[1] On December 5, 2017, the Court granted Plaintiff's motion to dismiss EAN Holdings, LLC with prejudice. (Rec. Doc. 16.)

2

of liability insurance to Ricardo Granda. (Rec. Doc. 14.) Plaintiff filed an opposition to the motion (Rec. Doc. 17) and Mercury County Mutual filed a supplemental memorandum in support of its motion (Rec. Doc. 21). The motion is now before the Court on the briefs and without oral argument.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must

come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Mercury County Mutual, erroneously named Mercury Insurance Group, Inc., moves for summary judgment on the grounds that Plaintiff has presented no evidence that it issued a liability insurance policy to Granda. (Rec. Doc. 14.) In support of its

4

motion, Mercury County Mutual points to California Automobile Insurance Company's answer wherein California Automobile Insurance Company admits that it provided an insurance policy to Granda. (Rec. Doc. 1-2 at 26.) However, Plaintiff's complaint alleges that California Insurance Company *and/or* Mercury Insurance Group, Inc. issued a liability insurance policy to Granda. Therefore, the mere fact that California Automobile Insurance Company admitted that it provided an insurance policy to Granda has no bearing on whether or not Mercury County Mutual also provided a liability policy.

Mercury County Mutual also submitted the affidavit of *Madison* Insurance Group, Inc.'s president, Elizabeth King.[2] In her affidavit, Ms. King states that Madison Insurance Group, a foreign insurance agency with a principal place of business in Tennessee, used to operate in Louisiana from October 2009 to June 2012 under the name Mercury Insurance Group, Inc. (Rec. Doc. 21-

---

[2] Ms. King's affidavit was initially submitted in this case as a part the removal proceedings. As a part of the notice of removal, BHL and Westfield claimed that Mercury Insurance Group was the only non-diverse party in the litigation but that diversity of citizenship still existed because Mercury Insurance Group was improperly joined as a defendant and improperly served. BHL and Westfield relied on the same affidavit of Ms. King to show that Madison Insurance Group had been improperly named Mercury Insurance Group. Mercury Insurance Group had not filed an answer to the complaint or the amended complaint prior to removal on October 13, 2017. The first time Mercury County Mutual, erroneously identified as Mercury Insurance Group, appeared in this case was when it filed an answer on November 28, 2017. (Rec. Doc. 12.) As explained above, in light of Mercury County Mutual's answer stating that it was erroneously identified as Mercury Insurance Group and its subsequent motion for summary judgment, the stated reasons for removal based on diversity jurisdiction appear to be inaccurate.

1.) Ms. King explains that Madison Insurance Group changed its name in June 2012 as a result of trademark infringement litigation brought against it. *Id*. Ms. King further states that Madison Insurance Group never issued an insurance policy to Granda because it is an insurance agency and not a licensed insurance carrier. *Id*. Mercury County Mutual does not explain its connection to Madison Insurance Group or how Ms. King's affidavit demonstrates that *Mercury County Mutual* did not issue Granda an insurance policy. In light of the fact that Mercury County Mutual answered on behalf of Mercury Insurance Group, it appears that Ms. King's affidavit and Madison Insurance Group are wholly irrelevant to the present case. Therefore, Mercury County Mutual's reliance on Ms. King's affidavit is futile.[3]

Plaintiff argues that Mercury County Mutual's motion should be denied because it failed to produce any evidence showing that it did not issue Granda an insurance policy. However, Plaintiff misconstrues Mercury County Mutual's initial burden of proof as movant on a motion for summary judgment. Plaintiff has the burden at trial to show that Mercury County Mutual issued Granda an insurance policy. "If the non-movant bears the burden of proof at

---

[3] Mercury County Mutual also mentions that service was made on a "separate insurer," which presumably is in reference to Madison Insurance Group. (Rec. Doc. 14-1 at 2.) To the extent that Mercury County Mutual is attempting to argue that the claims against it should be dismissed for improper service, it has lost that opportunity. By answering and filing a motion for summary judgment, Mercury County Mutual has waived any challenge for improper service. *See* Fed. R. Civ. P. 12(h).

trial, the movant on motion for summary judgment need not support the motion with evidence negating the opponent's case; rather, the movant may satisfy its burden by showing that there is an absence of evidence to support the non-movant's case." *See Edwards v. Rowan Companies, Inc.*, 14-1934, 2015 WL 5060505, at *2 (E.D. La. Aug. 25, 2015) (citing *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990)). Here, Mercury County Mutual has satisfied its initial burden of pointing out the lack of proof on a material issue of fact in Plaintiff's case: whether Mercury County Mutual issued an insurance policy to Granda. Therefore, the burden shifts to Plaintiff to establish with sufficient evidence that a genuine issue exists.

First, Plaintiff claims that the State of Louisiana Uniform Motor Vehicle Crash Report lists "Mercury Insurance Company" as the insurer of Granda. However, Plaintiff failed to attach a copy of the Crash Report for the Court's consideration.[4] Second, Plaintiff states that she successfully established a claim with "Mercury Insurance Group, Inc." as evidenced by a letter dated March 15, 2016 wherein it refers to Ricardo Granda as "OUR INSURED." (Rec. Doc. 17-2.) The letter is signed by an employee of the California Automobile Insurance Company Claims Department, however, it is on a "Mercury Insurance Group" letterhead. The

---

[4] It appears that Plaintiff attempted to attach the Crash Report as Exhibit 1, but instead, attached a duplicate copy of Exhibit 2. *See* Rec. Doc. 17-2, 17-3.

Court finds that under the circumstances, this letter is sufficient to defeat Mercury County Mutual's Motion for Summary Judgment. Plaintiff has adequately demonstrated that there is a genuine issue of material fact as to whether Mercury County Mutual, erroneously named Mercury Insurance Group, issued an insurance policy to Granda. Therefore, the Court must deny the motion at this time.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Mercury County Mutual's *Motion for Summary Judgment* **(Rec. Doc. 14)** is **DENIED**.

New Orleans, Louisiana this 11th day of April, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE